# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 9173 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| THE UNITED STATES OF AMERICA | ) | |
| and ROBERT MCDONALD, Secretary, | ) | |
| United States Department of Veteran | ) | |
| Affairs, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff sues defendants for their alleged violations of federal law in connection with the Department of Veterans' Affairs' ("VA's") processing of his benefits claim and information requests. The case is before the Court on defendants' Federal Rule of Civil Procedure 12 motion to dismiss. For the reasons set forth below, the Court grants the motion.

## Facts

Plaintiff served in the U.S. Air Force during the Vietnam War and was later diagnosed with Post Traumatic Stress Disorder stemming from his wartime experiences. (Compl. ¶¶ 4-6.) In May 1993, plaintiff filed a claim with the VA for Service Connected Death and Disability Compensation Entitlement Benefits ("benefits"). (*Id.* ¶ 9.) In 2008, after plaintiff's claim had wound its way through the VA's adjudication process for more than fifteen years, the VA awarded plaintiff benefits. (*Id.* ¶ 41.)

From 2002 through 2007, plaintiff was represented in the claim process by attorney Daniel Krasnegor. (*See id.* ¶¶ 15-33.) Periodically, Krasnegor sought and received from the VA pursuant to

the Equal Access to Justice Act ("EAJA") what plaintiff believes are excessive fee awards for work he did or purported to have done for plaintiff. (*Id.* ¶¶ 17-19, 29-37.)

**Discussion**

**Jurisdiction**

In Count I of his complaint, plaintiff alleges that the VA improperly awards fees to attorneys representing veterans under the EAJA. However, this alleged practice only inflicts injury on plaintiff in his capacity as a taxpayer. (*See* Compl. ¶ 90 ("The VA's practice which is in violation of the law has caused the Government to pay EAJA funds to attorneys in violation of the law and has caused the taxpayers to pay excessive attorney's fees than may have been allowed by a judge after review of the petition."). That kind of harm is insufficient to confer Article III standing on plaintiff. *See Lujan v. Defenders Of Wildlife*, 504 U.S. 555, 560 (1992) (stating that a plaintiff has standing if he has suffered, or imminently will suffer, a "concrete and particularized" injury that is "fairly traceable" to defendant and will be redressed by a decision in plaintiff's favor) (quotations omitted); *Rifkin v. Bear Stearns & Co., Inc.*, 248 F.3d 628, 632 (7th Cir. 2001) ("It is axiomatic that being a citizen or taxpayer of an injured governmental body, without more, is not a sufficient injury in fact to create standing for the taxpayer to seek redress of the government's injury."). Thus, the Court dismisses Count I for lack of subject matter jurisdiction.

In Count IV, plaintiff seeks damages for the VA's alleged retaliation against him for his exercise of his First Amendment rights, *i.e.*, for voicing complaints about the VA, by delaying approval of his benefits. The government contends that this is just a recasting of plaintiff's benefits claim over which the Veterans Judicial Review Act ("VJRA") divests this Court of jurisdiction. Under the VJRA, the Secretary's decision on a benefits claim can be appealed to the Board of Veterans

Appeals ("BVA"), the BVA's decision to the Court of Appeals for Veterans Claims ("CVA"), the CVA's decision to the Court of Appeals for the Federal Circuit, and the Federal Circuit's decision to the Supreme Court. *See* §§ 511, 7104(a), 7252(a), 7292(c). It cannot, however, be reviewed by this Court. *See Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000) (per curiam) (stating that the VJRA "precludes judicial review in Article III courts of VA decisions affecting the provision of veterans' benefits"); *Zuspann v. Brown*, 60 F.3d 1156, 1159 (5th Cir. 1995) ("Jurisdiction to review the [BVA's] decisions is conferred exclusively on the Court of Veterans Appeals. The United States Court of Appeals for the Federal Circuit has exclusive jurisdiction to review the decisions of the Court of Veterans Appeals . . . . [and] 'exclusive jurisdiction' to 'interpret constitutional and statutory provisions, to the extent presented and necessary to a decision.'") (quoting 38 U.S.C. § 7292(c)).

Resolving plaintiff's First Amendment retaliation claim would require the Court to examine the reasons for the VA's decisions on plaintiff's claim for benefits, an undertaking the VJRA forbids. *See, e.g., King v. U.S. Dep't of Veterans Affairs*, 728 F.3d 410, 414 (5th Cir. 2013) ("To award King damages based on his [claim that the VA unlawfully delayed paying him benefits], the district court would have to analyze whether the VA's agents knew or should have known that the denial of King's benefits was wrong. That analysis would involve questions of law and fact related to the VA's benefits decisions, . . . issues that [the VJRA] places outside the district court's jurisdiction."); *Beamon v. Brown*, 125 F.3d 965, 974 (6th Cir. 1997) ("[W]e find that Congress intended to preclude district court jurisdiction over VA decisions relating to benefits claims, including decisions of constitutional issues. . . . Whether the[] [VA's] procedures cause unlawful or unconstitutional delays in the administration of veterans benefits are questions within the exclusive jurisdiction of the BVA, the CVA, and the Court of Appeals for the Federal Circuit."); *Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994) ("[T]he courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those

3

challenges are cloaked in constitutional terms."). Therefore, the Court dismisses Count IV for lack of subject matter jurisdiction.

**Merits**

In Count II, plaintiff alleges that the VA violated 38 C.F.R. § 14.631, the regulation that sets forth the requirements for and duration of powers of attorney required of those who represent claimants before the VA. *See id.*; (Compl. ¶ 97.) According to the regulation, "[q]uestions concerning the validity or effect of powers of attorney shall be referred to the Regional Counsel of jurisdiction for initial determination" and then "appealed to the General Counsel." 38 C.F.R. § 14.631(d). In the face of this language, and given the absence of any language purporting to create a private cause of action, the Court concludes that there is none. *See Statland v. Am. Airlines, Inc.*, 998 F.2d 539 (7th Cir. 1993) ("[C]ourts seldom imply a private right of action where none appears in the statute, for 'a strong presumption exists against [their] creation,'" especially for "statutes framed as general commands to a federal agency or [those] that do not create rights for a specific class of persons") (quoting *West Allis Mem'l Hosp., Inc. v. Bowen*, 852 F.2d 251, 254 (7th Cir. 1988)). Accordingly, Count II is dismissed.

In Count III, plaintiff seeks a declaration that the VA violated the Freedom of Information Act ("FOIA") because it: (1) did not tell plaintiff that FOIA requests had been made for his file or provide him with information about those requests; and (2) failed to respond to two FOIA requests he made in 2013. (Compl. ¶¶ 102-03, 111-12.) The former allegations do not state a FOIA claim because the statute does not require the VA to tell plaintiff about other parties' FOIA requests. *See* 5 U.S.C. § 552. The latter allegation does not state a FOIA claim because, absent a description of the documents plaintiff sought, it is impossible to tell whether his request fell within the parameters of the statute. *See id.* Accordingly, the Court dismisses without prejudice the FOIA claim.

4

**Conclusion**

For the reasons set forth above, the Court grants defendants' motion to dismiss [13], dismisses Counts I and IV without prejudice for lack of subject matter jurisdiction, dismisses Count II with prejudice, and dismisses Count III without prejudice and with leave to amend. Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to amend Count III, if he can do so and comply with Rule 11. If he fails to do so, the Court will dismiss that claim and this suit with prejudice.

**SO ORDERED.**                **ENTERED: May 19, 2015**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**